UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Civil No. |
| ) | |
| Six Hundred Ninety Five Dollars ($695.00) in U.S.   ) | |
| Currency, more or less, seized from Phat Stuff,   ) | |
| Keene, New Hampshire; et al,    ) | |
| ) | |
| Defendants *in rem.*    ) | |
| _____ ) | |

**SUMMONS AND WARRANT OF ARREST *IN REM*
FOR ISSUANCE BY THE CLERK OF COURT FOR PROPERTY
WITHIN THE UNITED STATES' POSSESSION, CUSTODY OR CONTROL
PURSUANT TO SUPPLEMENTAL RULE G(3)(b)(i)**

To the United States Marshal, the Drug Enforcement Administration, or any duly authorized Federal Law Enforcement Officer:

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims, a Verified Complaint for Forfeiture *in rem* has been filed on July 3, 2014, in the U.S. District Court for the District of New Hampshire, alleging that the following property is subject to forfeiture to the United States on the following grounds, (1) Six Hundred Ninety Five Dollars ($695.00) in U.S. Currency, more or less, seized from Phat Stuff, Keene, New Hampshire; (2) Funds in the amount of $3,737.23, seized from TD Bank Business Core Checking Account No. 9240737655, in the name of Phat Stuff; (3) Funds in the amount of $906.78, seized from TD Bank Business Convenience Checking  Account No. 9244068759, in the name of Phat Stuff; (4) Funds in the amount of $9,871.00, seized from TD Bank Savings Account No. 9734334339, in the name of Panagiotes J. Eliopoulos; (5) One 2011 Ford F 250, NH Registration #2977098, Vin #1FT7W2B68BEA60933, registered to Panagiotes and Katie

Eliopoulos; (6) One lot of forty two boxes of assorted glass bongs, seized from Phat Stuff, Keene, New Hampshire; (7) One lot of twelve boxes of assorted glass water pipes, seized from Phat Stuff, Keene, New Hampshire; (8) One lot of twenty one boxes of assorted glass carburetor pipes, seized from Phat Stuff, Keene, New Hampshire; (9) One box of assorted carburetor pipes, seized from Phat Stuff, Keene, New Hampshire; (10) One lot of four boxes of assorted glass pipes, seized from Phat Stuff, Keene, New Hampshire; (11) One box of assorted grinders, with screens, seized from Phat Stuff, Keene, New Hampshire; (12) One lot of two boxes of assorted rolling papers, seized from Phat Stuff, Keene, New Hampshire; (13) One lot of four boxes of assorted grinders, seized from Phat Stuff, Keene, New Hampshire; (14) One lot of four boxes of assorted glassware, seized from Phat Stuff, Keene, New Hampshire; (15) One lot of fifteen boxes of assorted hookah pipes, seized from Phat Stuff, Keene, New Hampshire; (16) One lot of two boxes of assorted vaporizers, seized from Phat Stuff, Keene, New Hampshire; (17) One box of assorted diversion safes, seized from Phat Stuff, Keene, New Hampshire; (18) One box of assorted pipes and digital scales, seized from Phat Stuff, Keene, New Hampshire; (19) One box of assorted glass pipes and metal chamber pipes, seized from Phat Stuff, Keene, New Hampshire; (20) One box of assorted diversion hides and stone pipes seized from Phat Stuff, Keene, New Hampshire; (21) One box of assorted glass mouth pieces, seized from Phat Stuff, Keene, New Hampshire; (22) One box of assorted glass mouth pieces, glassware, and electronic cigarettes, seized from Phat Stuff, Keene, New Hampshire; (23) One box of assorted ceramic bongs, seized from Phat Stuff, Keene, New Hampshire; (24) One box of assorted glass chillums, seized from Phat Stuff, Keene, New Hampshire; (25) One box of assorted chillums, seized from Phat Stuff, Keene, New Hampshire; (26) One box of assorted carburetor pipes and a carburetor mask, seized from Phat Stuff, Keene, New Hampshire; (27) One lot of two boxes of assorted

ceramic pipes, seized from Phat Stuff, Keene, New Hampshire; (28) One box of containers of 420 cleaner, seized from Phat Stuff, Keene, New Hampshire; and (29) One box of assorted carburetor masks, seized from Phat Stuff, Keene, New Hampshire, as property furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., or proceeds traceable to such an exchange, or money used or intended to be used to facilitate violations of the Act, or conveyances which were used, or intended for use, to transport, and in any manner to facilitate the transportation, sale, receipt, possession, and concealment of controlled substances, and is therefore liable to condemnation and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), or as drug paraphernalia which were used or intended to be used, for manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is therefore liable to condemnation and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(10).

YOU ARE, THEREFORE, COMMANDED to seize the captioned defendant *in rem* items of personal property, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the United States Marshal, the Drug Enforcement Administration, or any duly authorized Federal Law Enforcement Officer, shall maintain custody of the defendant *in rem* items of personal property until further order of this Court, and shall use his discretion and whatever means appropriate to protect and maintain said defendants *in rem*;

IT IS FURTHER ORDERED that the United States shall serve upon all potential claimants to the defendants *in rem*, a copy of this Summons and Warrant of Arrest in Rem, and the Verified Complaint for Forfeiture in Rem, in a manner consistent with the principles of service of process in an action in rem under Supplemental Rule G and other Supplemental Rules for Certain Admiralty and Maritime Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that a return of this Summons and Warrant of Arrest in Rem shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendants *in rem* shall file their Verified Claim within thirty-five (35) days after the date on which they were sent the Notice of Complaint or no later than sixty (60) days after the first day of publication on an official internet government forfeiture site, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G(4)(b)(ii)(B) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their Answer to the Complaint within twenty-one (21) days after the filing of their Verified Claims, pursuant to Rule G(4)(b)(ii)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims, with the Office of the Clerk, United States District Court for the District of New Hampshire, with a copy sent to Assistant United States Attorney Robert J. Rabuck, United States Attorney's Office, District of New Hampshire, James Cleveland Federal Building, 53 Pleasant Street, Concord, NH  03301.

Dated:

_____
Daniel J. Lynch, Clerk of Court