IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-294-PB |
| ) | |
| Six Hundred Ninety Five Dollars ($695.00) in ) | |
| U.S. Currency, more or less, seized from Phat ) | |
| Stuff, Keene, New Hampshire; et al, ) | |
| ) | |
| **Defendants** *in rem* ) | |
| ) | |

### ANSWER OF CLAIMANT PANOGIOTES ELIOPOULOS

NOW COMES Panogiotes Eliopoulos, (the "Claimant"), by and through counsel, Wilson, Bush, Durkin & Keefe, P.C., and submits the following Answer pursuant to Supplemental Rule G(5)(b) to the United States' Verified Complaint for Forfeiture In Rem Pursuant to Supplemental Rule G.  In support of this answer, the Claimant asserts the following:

### Nature of the Action

The Claimant admits to the description of this action as captured here.  The Claimant denies he violated 18 U.S.C. § 881(a)(6) and (10).

### Jurisdiction and Venue

The Claimant admits that the United States brings this action as described, and he admits that the Court has jurisdiction as described.  However, the Claimant denies he violated 18 U.S.C. § 881(a)(6) and (10), and he denies that the Defendants In Rem are subject to forfeiture pursuant to 21 U.S.C. § 881 in this matter.

### The Defendants In Rem

The Claimant generally admits to the accuracy of the description of the Defendants In Rem to a certain degree.  To the extent that any of the subject descriptions in any way suggest that the described item is contraband in any kind, the Claimant denies this.  The Claimant is unaware as to whom has custody of the Defendants in Rem.

## Facts

1. The Claimant admits the allegations contained in this paragraph.

2. The Claimant admits the allegations contained in this paragraph.

3. The Claimant is without sufficient knowledge as to the following allegations in this paragraph, and he puts the United States to its proof regarding the purpose of enactment of the CSAEA.  The Claimant otherwise admits the allegations contained in this paragraph.

4. The Claimant is without sufficient knowledge as to the allegations in this paragraph, and he puts the United States to its proof regarding them.

5. The Claimant admits the allegations contained herein.

6. The Claimant admits the allegations contained herein.

7. The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

8. The Claimant is aware of the existence of "Spice" or "K2," but he is without sufficient knowledge as to the rest of the allegations contained in this paragraph, and he puts the government to its proof on this matter.

9. The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

10. The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

11.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

12.    The Claimant admits the allegations contained in this paragraph.

13.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

14.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

15.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

16.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

17.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

18.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

19.    The Claimant admits to the existence of the subject bank accounts, but he is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

20.    The Claimant denies the allegations contained in this paragraph.

21.    The Claimant generally admits the allegations contained in this paragraph.

22.    The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

23.    The Claimant generally admits the allegations contained in this paragraph except that the Ford F 250 is traceable to violations of Title 21.

24.     The Claimant is without sufficient knowledge as to the allegations contained in this paragraph, and he puts the United to its proof on this matter.

### First Claim for Forfeiture

25.     The Claimant admits the allegations contained in Paragraph 25.

26.     The Claimant admits the allegations contained in Paragraph 26.

27.     The Claimant denies the allegations contained in Paragraph 27.

28.     The Claimant denies the allegations contained in Paragraph 28.

### Second Claim for Forfeiture

29.     The Claimant admits the allegations contained in Paragraph 29.

30.     The Claimant admits the allegations contained in Paragraph 30.

31.     The Claimant denies the allegations contained in paragraph 31.

31.     The Claimant denies the allegations contained in paragraph 31.

### Relief Requested

32.     The Claimant admits to all of the information contained in this section except for the following: that a judgment of forfeiture be declared against the Defendants In Rem; that the Defendants In Rem be disposed of in any way; and that this Court grant to the United States its costs or any other relief it may seek in this matter.

### Affirmative and Other Defenses

32.     The Claimant generally denies that the property identified as the Defendants In Rem is forfeitable to the United States as it was neither furnished or intended to be furnished in exchange for controlled substances, or represents proceeds traceable to such exchanges, or money or things used or intended to be used to facilitate violations of the Controlled Substances Act.

33. The Claimant asserts that forfeiture of the Defendants in Rem constitutes an excessive fine under 18 U.S.C. § 983(g) and the Eighth Amendment to the United States Constitution, and reserves the right to petition the Court to reduce or eliminate the forfeiture.

          Respectfully submitted,

Dated:  September 18, 2014      Panogiotes Eliopoulos

          By his attorneys,
          Wilson, Bush, Durkin & Keefe, P.C.

          By:/s/ Charles J. Keefe
          Charles J. Keefe, NH Bar #14209
          184 Main Street, Suite 222
          Nashua, NH 03060
          (603) 595-0007
          keefe@wbdklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served on this date upon AUSA Robert Rabuck, Attorney for the United States as designated under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, via ECF filing at:

Rob Rabuck, Esq.        rob.rabuck@usdoj.gov

          /s/ Charles Keefe
          Charles Keefe

```
ERROR: undefined
OFFENDING COMMAND:

STACK:
```